IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHESTER S. VIRCHINSKY, | ) | Civ. No. 12-00025 DAE-BMK |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO DENY |
| vs. | ) | PLAINTIFF'S MOTION TO |
| | ) | REMAND CASE BACK TO FIRST |
| MUTUAL OF OMAHA | ) | CIRCUIT COURT STATE OF |
| INSURANCE CO., | ) | HAWAII |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO
REMAND CASE BACK TO FIRST CIRCUIT COURT STATE OF HAWAII

Before the Court is Plaintiff Chester S. Virchinsky's Motion to Remand Case Back to First Circuit Court State of Hawaii (Doc. 6). The Court heard this Motion on February 13, 2012. After careful consideration of the Motion, the supporting and opposing memoranda, and the arguments presented at the hearing, the Court finds and recommends that Plaintiff's Motion be DENIED.

On December 20, 2011, Plaintiff filed this action against Defendant Mutual of Omaha Insurance Company. On January 13, 2012, Defendant removed this case to federal court on the basis of diversity jurisdiction. Plaintiff now seeks to remand this case back to state court.

In his Motion to Remand, Plaintiff argues that this Court lacks diversity jurisdiction over this case because (1) the parties are not diverse and (2) the amount in controversy does not exceed $75,000.  Plaintiff also seeks attorney's fees incurred in preparing his Motion.

First, Plaintiff argues that the parties are not diverse because Plaintiff and Defendant are both citizens of the Hawaii.  For diversity of citizenship purposes, "a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'" Davis v. HSBC Bank Nevada, N.A., 557 F.3d 1026, 1028 (9th Cir. 2009).  "[A] corporation's principal place of business is the state containing 'a substantial predominance of corporate operations.'"  Id.

According to Michael Huss, Defendant's Senior Vice President, Defendant was incorporated under the laws of Nebraska and its principal place of business is Mutual of Omaha Plaza, Omaha, Nebraska.  (Declaration of Michael Huss ¶ 3.)  That is where Defendant's "officers direct, control and coordinate Mutual's activities."  (Id.)  That is also Defendant's "headquarters" and "nerve-center of operations."  (Id.)  Although Defendant has a district sales office in Hawaii, the Hawaii office "is neither the headquarters nor principal place of business of [Defendant], but is merely a branch sales office."  (Id.)  Based on

2

Michael Huss's declaration, Defendant is a citizen of Nebraska.  Because Plaintiff

is a citizen of Hawaii, the Court finds that the parties are completely diverse.

Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (for complete

diversity, "each of the plaintiffs must be a citizen of a different state than each of

the defendants").

      Second, Plaintiff contends that the amount in controversy does not

exceed $75,000.  "[T]he amount in controversy is determined from the face of the

pleadings."  Crum v. Circus Circus Enters., 231 F.3d 1129, 1131 (9th Cir. 2000).

Here, Plaintiff's Complaint prays for "$60,000.00 for breach of contract" and

"$1,000,000 general damages."  Based on the face of the Complaint, the amount in

controversy clearly exceeds $75,000.  Therefore, the jurisdictional amount is met,

and this Court finds that it has diversity jurisdiction over this case.  See id.

("District courts have [diversity] jurisdiction in civil actions where there is

complete diversity of citizenship among the parties and the amount in controversy

exceeds $75,000, exclusive of interest and costs.")

      Lastly, Plaintiff seeks attorney's fees incurred in preparing his

Motion.  Because Plaintiff is representing himself and proceeding pro se, the Court

finds that he is not entitled to recover attorney's fees.  Kay v. Ehrler, 499 U.S. 432,

435 (1991) ("a pro se litigant who is not a lawyer is not entitled to attorney's fees").

      Accordingly, in light of this Court's findings that it has diversity jurisdiction over this case and that Plaintiff is not entitled to attorney's fees, the Court recommends that Plaintiff's Motion to Remand be DENIED.

      DATED:  Honolulu, Hawaii, February 16, 2012.

      IT IS SO ORDERED.



    /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Virchinsky v. Mutual of Omaha Ins. Co., Civ. No. 12-00025 DAE-BMK; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO REMAND CASE BACK TO FIRST CIRCUIT COURT STATE OF HAWAII.

4